NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL ALLEN BLUNT, | No. 09-15628 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-00463-IEG |
| v. | |
| JAMES A. YATES, Warden; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Irma E. Gonzalez, Chief Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and THOMAS, Circuit Judges.

California state prisoner Daniel Allen Blunt appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Blunt contends that there is insufficient evidence to support the jury's verdicts convicting him of burglary and murder. The California court's conclusion that there was sufficient evidence to allow a reasonable trier of fact to find Blunt guilty beyond a reasonable doubt was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Blunt also contends that he received ineffective assistance because his counsel failed to object to the admission of a witness' pretrial statement on the basis that it was involuntarily coerced. The California court's conclusion that Blunt did not receive ineffective assistance of counsel because such a challenge to the witness' statement would have been fruitless was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d); *see also Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Blunt further contends that the prosecutor engaged in misconduct by introducing false evidence. However, it was not misconduct for the prosecutor to introduce the witness' prior inconsistent statement because it was unclear which of the witness' versions of the events was true and therefore the prosecutor did not

knowingly use false evidence.  *See United States v. Bagley*, 473 U.S. 667, 678 (1985).

The district court did not abuse its discretion in denying Blunt's request for an evidentiary hearing.  *See Perez v. Rosario*, 459 F.3d 943, 953 (9th Cir. 2006).

**AFFIRMED.**